IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | * | Case No. 3:19 cr 48 |
| | * | |
| Plaintiff, | * | Hon. Jack Zouhary |
| | * | |
| vs. | * | |
| | * | |
| Damon Joseph, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANT'S REPLY
TO THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
REGARDING UNDERCOVER WITNESSES**

The government seeks an order from this Court for reasonable precautions – consistent

with the Sixth Amendment – to protect the identities of certain witnesses the government

anticipates calling at trial. The government asserts that none of the requested procedure requested

will impede the defendant from effectively cross-examining the witnesses. However, one of the

requested protective measures would result in a deprivation of Mr. Joseph's right to confront the

witnesses against him and his concomitant right to meaningful cross-examination. As such, Mr.

Joseph respectfully asks this Court to deny the government's motion with respect to the

prohibition on cross-examination designed to elicit, at trial, information about the FBI's

Undercover Training Programs (no. 5 of the government's requested protective measures).

While Mr. Joseph understands the need to protect the undercover agents' identities, for the sake of their safety and that of their families, the requested prohibition on cross-examination regarding their training is neither necessary nor constitutional. Moreover, the government offers, as support for the request, the case of *United States v. Alimehmeti*, 284 F.Supp.3d 477 (S.D.N.Y. 2018). That case does not support the request the government makes in this case. In *Alimehmeti*, the issue was cross-examination about "the means and methods by which [the] dealings with the UCs were recorded." *Id*. at 491. In that case, the Court found that the placement of certain recording devices, the manner or timing of its installation, and its make and model were irrelevant. *Ibid*. With respect to the UCs' training and experience, the court noted that such matters merited exclusion under Rules 402 and 403. However, the court added, "[t]his ruling, * * * is subject to Alimehmeti's right, on a showing of relevance, to seek leave to inquire into specific matters." *Id*. at 494.

This case involves undercover agents communicating with Mr. Joseph over a variety of electronic platforms and, later, in person. It is apparent from the discovery that Mr. Joseph was not inclined to participate in the type of conduct that is alleged in the indictment when he was initially approached by law enforcement. As such, any training or experience that the UCs have with respect to entrapment (or how to avoid potential entrapment), the psychology of potential targets or subjects, or how to handle investigations such as these, are relevant areas of inquiry during cross-examination. Not only does such training tacitly acknowledge that certain law enforcement activities can lead otherwise law-abiding individuals to violate the law, but it also has the potential to show that the officers here strayed from their training in this regard. Or, perhaps, the investigation in this case approached the boundaries of entrapment on several

occasions and had to retreat and change course. In any event, the training and experience of the undercover officers are relevant areas of inquiry given the investigation underlying this matter and the undercover agents' level of involvement in the offenses charged.

Mr. Joseph recognizes that a trial court has "broad discretion * * * to preclude repetitive and unduly harassing interrogation, [but] the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e. discredit, the witness." *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The cross-examination that Mr. joseph seeks to pursue is neither repetitive nor unduly harassing. It is relevant to the entirety of the investigation (and indeed, the propriety of the investigation) that led to Mr. Joseph's arrest.

As the Supreme Court stated in *Davis v. Alaska*, "The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers." *Id.*, citing 5 J.Wigmore, Evidence sec. 1395, p. 123 (3d ed. 1940). The prohibition the government seeks in its motion is designed to unconstitutionally limit the right of Mr. Joseph to make such inquiries.

As such, Mr. Joseph respectfully asks this Court to deny the request of the government as it relates to the prohibition on cross-examination. The granting of the government's request would result in a deprivation of his rights to confrontation, due process, and presentation of a complete defense.

Respectfully submitted,

/s/ Neil S. McElroy
NEIL S. McELROY (0077087)

3

Neil S. McElroy
1119 Adams Street, Second Floor
Toledo, Ohio 43604
Ph: (419) 243-3800
Fax: (419) 243-4046

**CERTIFICATION**

This is to certify that on August 6, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Neil S. McElroy