# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA § | **JUDGMENT IN A CRIMINAL CASE** |
| § | |
| v. § | |
| § | Case Number: **3:19 CR 48** |
| **DAMON M. JOSEPH,** § | USM Number: **66183-060** |
| § | **Neil McElroy / Pete Rost** |
| § | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to Count | **1 and 2 of the Indictment** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:2339B(a)(1) / Attempt to Provide Material Support or Resources to a Foreign Terrorist Organization | 12/7/2018 | 1 |
| 18:249(a)(1)(A) and (a)(1)(B)(i), (a)(1)(B)(ii) / Attempt to Commit a Hate Crime | 12/7/2018 | 2 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count 3 of the Indictment is Dismissed on motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 13, 2021**
Date of Imposition of Judgment

**s/ Jack Zouhary**
Signature of Judge

**Jack Zouhary, United States District Judge**
Name and Title of Judge

**September 14, 2021**
Date

DEFENDANT: DAMON M. JOSEPH
CASE NUMBER: 3:19 CR 48

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**240 months as to Count 1 and 180 months as to Count 2 of the Indictment, to run concurrent to one another, for a total of 240 months**

☒ The court makes the following recommendations to the Bureau of Prisons:

- Defendant be afforded the opportunity to participate in the following programs:
    1. Mental health treatment
    2. Cognitive behavioral therapy
    3. Any and all vocational and educational opportunities available

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAMON M. JOSEPH
CASE NUMBER: 3:19 CR 48

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Life as to Count 1 and 5 years as to Count 2 of the Indictment,
to run concurrent to one another, for a total of Life**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sec offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: DAMON M. JOSEPH
CASE NUMBER: 3:19 CR 48

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications, and/or confirm your compliance with this requirement.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: DAMON M. JOSEPH
CASE NUMBER: 3:19 CR 48

## SPECIAL CONDITIONS OF SUPERVISION

**Search / Seizure**
Defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that Defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**Mental Health Treatment**
Defendant must undergo a mental health evaluation and/or participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program (provider, location, modality, duration, intensity, etc.).

**Sex Offender Assessment**
Defendant must participate in a sex offense-specific assessment.

**Sex Offender Registration and Notification Act (Adam Walsh Act)**
Pursuant to 18 U.S.C. § 3583 Defendant is required to register under the Sex Offender Registration and Notification Act, and he must comply with the requirements of that Act as directed by the U.S. Pretrial Services & Probation Officer.

Pursuant to the Adam Walsh Child Protection Act of 2006, Defendant will keep the registration current in each jurisdiction in which he resides, is employed, or is a student. Defendant must, no later than three business days after each change in name, residence, employment or student status, appear in person in at least one jurisdiction in which he is registered and inform that jurisdiction of all changes in reporting information. Failure to do so may be a violation of Defendant's conditions of supervised release and may be a new federal offense punishable by up to ten years.

**No Contact with Minors**
Defendant must not have direct contact with any child you know or reasonably should know to be under the age of 18, including his own children, without the permission of the probation
officer. If Defendant does have any direct contact with any child he knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer, he must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

DEFENDANT:         DAMON M. JOSEPH
CASE NUMBER:       3:19 CR 48

**Polygraph Examination**
Defendant must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that he is in compliance with the requirements of your supervision or treatment program.

**Sex Offender Treatment**
Defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.).

**Mental Health Medications**
Defendant must take all mental health medications that are prescribed by his treating physician.

**No Internet Access Without Permission**
Defendant must not access the Internet except for reasons approved in advance by the probation officer.

**Computer Monitoring Software**
Defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C.§ 1030(e)(1)) you use.

**Computer Search for Monitoring Software**
To ensure compliance with the computer monitoring condition, Defendant must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

**Computer Search Warning to Others**
Defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

**Dating Restriction**
Defendant must not date or befriend anyone who has children under the age of 18, unless approved in advance by the probation officer.

**No Possession of Pornographic Materials**
Defendant must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer- generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C.§ 2256).

DEFENDANT: DAMON M. JOSEPH
CASE NUMBER: 3:19 CR 48

**Substance Abuse Treatment and Testing**

Defendant shall participate in an approved program of substance abuse testing and/or outpatient or inpatient substance abuse treatment as directed by their supervising officer; and abide by the rules of the treatment program. The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). Defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing.

**Terrorism**

Defendant must not communicate, or otherwise interact, or provide financial support with any known member of terrorist organizations, or view or possess any film, video, picture, or writings supporting Jihad, terrorist organizations, terrorism, or violence against non-Muslims.

DEFENDANT: DAMON M. JOSEPH  
CASE NUMBER: 3:19 CR 48

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $200.00 | None | Waived | None |

☐ The determination of restitution is deferred.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22  
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/17) Judgment in a Criminal Case  Judgment -- Page 9 of 9

DEFENDANT: DAMON M. JOSEPH
CASE NUMBER: 3:19 CR 48

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☒ in accordance ☐ C, ☒ D, ☐ E, and ☐ F below;

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☒ Special instructions regarding the payment of criminal monetary penalties:

**A special assessment of $100.00 is due in full immediately as to Counts 1 and 2 of the Indictment, for a total of $200. Mailed payments are to be sent and made payable to the Clerk, U.S. District Court, 1716 Spielbusch Ave., Toledo, OH 43604.**

☐ After the defendant is released from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a reviewed payment schedule to the court to satisfy any unpaid balance of the restitution. The court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.